IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:25-cv-00142-MR

CHRISTOPHER SHANE GREER, )
)
        Plaintiff, )
)
vs. ) ORDER
)
JOHN DOE, et al., )
)
        Defendants. )
_____ )

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Amended Complaint [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 4].

**I.     BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Gaston and Caldwell Correctional Centers.[1] [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 5; see Doc. 7]. The Plaintiff attempted to amend in a piecemeal fashion, which was

---

[1] The Plaintiff is presently incarcerated at the Granville Correctional Institution.

rejected, and he was granted another opportunity to amend. [Docs. 6, 7]. The Amended Complaint is now before the Court for initial review. [Doc. 9].

The Plaintiff names as Defendants in their individual capacities the following Gaston CC employees: a John Doe sergeant; two John Doe first-shift officers;[2] and Vernon Richards, the warden.[3] [Id. at 1-2]. He asserts claims for failure to protect and denial of access to a law library. [Id. at 5].

The Plaintiff alleges that while Warden Richards is aware of fights, robberies, and "blind spots" at Gaston CC, he has not installed cameras or forced officers to conduct rounds. [Id. at 6, 12]. The Plaintiff further alleges that the Warden only has one officer watching four dorms by himself, and that there is no yard officer present to monitor outdoor activities. [Id. at 6].

The Plaintiff alleges that, on October 4, 2024, John Doe Officer #1 asked the Plaintiff to deliver a bag of tobacco to the Plaintiff's bunkmate. [Id. at 6, 11]. The officer became angry when the Plaintiff refused, and he told Plaintiff that he would "pay" for failing to obey. [Id. at 11]. The Plaintiff alleges

---

[2] The Court will refer to the 6'3" younger Black officer as John Doe Officer #1, and the older, White officer as John Doe Officer #2. [See Doc. 9 at 6, 8].

[3] The caption of the Plaintiff's Complaint names two John Doe shift officers and one John Doe sergeant. [Doc. 9 at 2]. Elsewhere, however, the Plaintiff identifies two John Doe shift sergeants and one John Doe officer. [Id. at 3-4]. This latter identification, however, is not consistent with the allegations. [Id. at 6-12]. The Court will, therefore, accept the caption as identifying the intended Defendants. See generally Haines v. Kerner, 404 U.S. 519 (1972) (addressing liberal construction).

that the next day, at the direction of John Doe Officer #1, the Plaintiff's bunkmate pulled the Plaintiff into a bathroom where he and four other inmates kicked, punched, and stabbed the Plaintiff with a pencil. [Id. at 8, 11].

The Plaintiff then alleges that he ran out of the bathroom into a hallway where John Doe Officer #2 was asleep at his desk, 20 to 25 feet away from the attack and 30 to 40 feet from the sergeant's office. [Id. at 8-9]. This was not the first time that John Doe Officer #2 was asleep on the job. [Id. at 9]. The Plaintiff then ran to medical for help. [Id. at 11]. Staff called for backup, photographed the Plaintiff's injuries, and had the Plaintiff write a statement. The Plaintiff alleges, however, he received "no medical treatment intill [sic] weeks later." [Id. at 10-11]. The Plaintiff was shipped to Caldwell Correctional Center the next day, where he was threatened and feared for his life. [Id. at 12]. Further, he alleges that he has been denied access to a law library since March 20, 2025, for no reason.[4] [Id. at 5].

---

[4] It is unclear where the Plaintiff resided during March 2025. The NCDAC website lists the Plaintiff's current location as Granville CI, notes that his last movement date was April 2, 2025, and states that his previous location is "not public information" See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0620836&searchLastName=greer&searchFirstName=christopher&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed July 11, 2025); Fed. R. Ev. 201.

3

For injury, the Plaintiff claims that he sustained bruised ribs, a broken tooth, punctures, headaches, a painful ear that clicks, emotional distress, chronic depression, panic attacks, and delayed medical treatment. [Id. at 10]. He seeks compensatory damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[5]

The body of the Amended Complaint contains allegations that are not attributed to defendants who are named in the caption and uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 9 at 9, 11-12 (referring to Warren Scott, the head programmer; Warren Cook, the head case worker; and unnamed medical staff)]. The Plaintiff also refers to incidents that allegedly occurred at prisons other than Gaston CC that are not attributed to any Defendant. [See, e.g., id. at 5]. These allegations are dismissed for the reasons discussed on initial review of the Complaint. [See Doc. 5 at 5-6].

With respect to John Doe Officer #1, the Plaintiff's allegations that this officer directed the five other inmates to assault him are largely conclusory. Nevertheless, taking the Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court concludes that the Plaintiff

---

[5] The relevant legal standards were previously stated in the Order on initial review of the Complaint. [See Doc. 5].

has made allegations sufficient to pass initial review at this juncture against John Doe Officer #1 for a claim of failure to protect.

The Plaintiff's claim against John Doe Officer #2, however, is insufficient to proceed. The Plaintiff claims that the officer was asleep at his desk while he was on duty and failed to notice that the Plaintiff was being attacked in a bathroom 25 or 30 feet away from his post. [Doc. 9 at 8-9]. The Plaintiff does not allege that John Doe Officer #2 was subjectively aware that the Plaintiff was at an excessive risk of harm, and nevertheless failed to act. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The allegations at most suggest negligence, which fails to state a plausible § 1983 claim. See Davidson v. Cannon, 474 U.S. 344, 347–48 (1986) (holding a negligent failure to protect a prisoner from another inmate cannot support a § 1983 claim); Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (deliberate indifference is a very high standard; a showing of mere negligence will not meet it); Ruefly v. Landon, 825 F.2d 792, 793 (4th Cir. 1987) ("Mere negligent conduct on the part of prison officials who fail to protect a prisoner from a risk of harm posed by fellow inmates does not constitute a violation of the [Eighth Amendment's] prohibition against cruel and unusual punishment."). The claim against John Doe Officer #2 is, therefore, dismissed.

The Court construes the Plaintiff's allegations against John Doe Sergeant and Warden Richards as claims of supervisory liability. To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). While personal involvement is required, it need not be "hands-on." Riddick v. Barber, 109 F.4th 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which the actor[ ] know[s] or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 649-50 (citing Amisi v. Brooks, 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights)).

The Plaintiff alleges that John Doe Officer #2 was sleeping at his post under the sergeant's supervision and that this was not the first time this

7

officer slept on the job; that the sergeant and warden did not make officers conduct rounds; that there was no officer working in the yard to assist the Plaintiff after the attack; that the attack occurred 30 to 40 feet from the sergeant's office; that the warden did not have surveillance cameras installed at the prison despite knowing of fights, robberies, and blind spots; that cameras would have shown the Plaintiff being pulled into the bathroom where he was assaulted; and that additional staff would have rendered the Plaintiff quicker assistance. [Doc. 9 at 6-9, 12].

Liberally construing the Plaintiff's allegations against Warden Richards and accepting them as true for purposes of this initial review, the Plaintiff has minimally stated a plausible claim in that it is not clearly frivolous.

However, the Plaintiff has failed to state a plausible claim against the John Doe Sergeant. Plaintiff's allegations that the officer was asleep on duty and that the incident occurred 30 or 40 feet from the sergeant's office fail to plausibly establish that the sergeant knew or was reasonably aware of a substantial risk of harm to the Plaintiff, that he responded inadequately to the same, or that this affirmatively caused the Plaintiff a constitutional injury. The Plaintiff's allegations against the sergeant are speculative and are based on a theory of respondeat superior, both which are insufficient to state a

plausible § 1983 claim. The claims against the John Doe sergeant are, therefore, dismissed.

IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Amended Complaint survives initial review against John Doe Officer #1 and Warden Richards. The claims against John Doe Officer #2 and the John Doe Sergeant are dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants John Doe Officer #1 and Vernon Richards, who are alleged to be current or former employees of NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 9] passes initial review against the John Doe Officer #1 and Vernon Richards for failure to protect and supervisory liability as described in this Order.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to terminate John Doe Officer #2 and John Doe Sergeant as Defendants.

4. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for **Defendants John Doe Officer #1 and Warden Vernon Richards**, who are alleged to be current or former employees of NCDPS.

5. **IT IS FURTHER ORDERED** that the Clerk shall mail the Plaintiff an NCPLS Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060.

**IT IS SO ORDERED**.

Signed: July 29, 2025

Martin Reidinger
Chief United States District Judge