**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:25-cv-00142-MR-DCK**

| | |
|---|---|
| **CHRISTOPHER SHANE GREER, )** | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **MEMORANDUM OF** |
| **KYLE MITCHELL, et al.,** ) | **DECISION AND ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants Vernon Richards

and Kyle Mitchell's Motion for Summary Judgment [Doc. 27].

## I.  BACKGROUND

The pro se Plaintiff, Christopher Shane Greer ("Greer" or simply, "the

Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 addressing incidents

that allegedly occurred while he was incarcerated at the Gaston Correctional

Center.[1]  The unverified Amended Complaint[2] passed initial review with

---

[1] The Plaintiff's present address of record is at the Granville Correctional Institution, but the North Carolina Department of Adult Corrections website indicates that he is located at the Scotland Correctional Institution. The Plaintiff is informed that it is his responsibility to keep the Court apprised of his current address at all time. [See Standing Order of Instructions].  The Court will instruct the Clerk to mail the Plaintiff this Order at both addresses as a courtesy.

[2] The original Complaint, which failed initial review, was also unverified. [See Docs. 1, 5].

regard to an incident that allegedly occurred on October 4, 2024.  [Doc. 9: Am. Compl.; Doc. 10: Order on Initial Review].  Presently pending are claims that Defendant Kyle Mitchell violated the Eighth Amendment by instructing other inmates to beat the Plaintiff when the Plaintiff refused to transport tobacco at Mitchell's request, and against Warden Vernon Richards on a theory of supervisory liability.

The Defendants filed a Motion for Summary Judgment.  [Doc. 27: MSJ; see Doc. 28 Memo. and Exh.; Doc. 30: Medical Exh.].  Thereafter, the Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the requirements for filing a response to Defendant's summary judgment motion and of the manner in which evidence could be submitted to the Court.  [Doc. 31: Roseboro Order].  The Plaintiff has not responded and the time to do so has expired.  This matter is ripe for disposition.

## II.    STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

2

(1986).  A fact is material only if it might affect the outcome of the suit under governing law.  Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party.  The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Id. at 322 n.3.  The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment.  Id. at 324.  Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record.  See id.; Fed. R. Civ. P. 56(c)(1)(a).  Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the

3

Court on summary judgment.  Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party.  Anderson, 477 U.S. at 255.  Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007).  As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts ….  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986).  When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott, 550 U.S. at 380.

4

## III.  FACTUAL BACKGROUND

The following is a summary of the relevant portions of the undisputed forecast of evidence.[3]

The Plaintiff, who has been incarcerated in the NCDAC since 2023, entered the Gaston CC on September 12, 2024.  [Doc. 28-1: MSJ Ex at 10 (OPUS Info. Screen)].

On October 4, 2024, the Plaintiff sought emergency medical treatment, stating that four or five inmates had dragged him into the bathroom and beat him for having unwittingly moved a chair that was used to charge contraband cell phones.  [Doc. 28-3: Heinsius Decl. at ¶ 3; see Doc. 30: Med. Ex. at 1 (Octo 4, 2024 Clinical Encounter)]. The Plaintiff provided the names of four of his attackers.  [See Doc. 28-2: MSJ Ex at 3 (Harris stmt.); Doc. 30 at 1].

At no time during his treatment did the Plaintiff accuse a Gaston CC staff member of threatening him or of orchestrating the attack. [Doc. 28-3: Heinsius Decl. at ¶ 5]. Nor did the Plaintiff accuse any Gaston CC staff of being involved in the attack during an investigation of the incident. [Doc. 28-2: Kohnen[4] Decl. at ¶ 4; Doc. 28-1: MSJ Ex at 13 (Plaintiff stmt.)].

---

[3] As the Complaint and Amended Complaint are both unverified, they cannot be considered on summary judgment as a forecast of evidence. See Goodman v. Diggs, 986 F.3d 493, 498-99 (4th Cir. 2021) (noting that a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes).

[4] Sergeant Lance Kohnen, who investigated the incident, is not a defendant in this case.

Vernon Richards was the Warden at Gaston CC from August 2023 to June 2024. [Doc. 28-4: Richards Decl. at ¶ 2]. Richards was placed on Family Medical Leave in June 2024, and he retired in November 2025. [Id. at ¶ 3]. Richards was not the acting warden of Gaston CC on October 4, 2024. [Id.]. During his tenure as warden at Gaston CC, Richards ensured that there was at least one sergeant and one correctional officer monitoring the dorms, and at least one officer monitoring the yard. [Id. at ¶ 7]. Richards was unaware of any allegations or misconduct by Officer Mitchell concerning contraband and/or ordering the assault of inmates while Richards was warden. [Id. at ¶ 8].

Kyle Mitchell was a correctional officer at the Gaston CC, assigned to the first shift mid-yard post, at the relevant time. [Doc. 28-5: Mitchell Decl. at ¶¶ 2-3]. He did not have any communication with the Plaintiff prior to October 4, 2024. [Id. at ¶ 4]. Officer Mitchell did not threaten Plaintiff or direct Plaintiff to possess tobacco. [Id. at ¶ 5]. Officer Mitchell did not know the four inmates who were implicated in the attack, and he did not direct any inmate to assault the Plaintiff. [Id. at ¶¶ 6-7].

## IV. DISCUSSION

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan,

511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To prevail on a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To demonstrate deliberate indifference, the inmate "must show both (1) 'that the [prison] official in question subjectively recognized a substantial risk of harm' and (2) that the official also 'subjectively recognized' that any actions he took in response 'were inappropriate in light of that risk.'" Ford v. Hooks, 108 F.4th 224, 230 (Jul. 2, 2024) (quoting Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (cleaned up)). It is not enough that the prison official should

7

have recognized the risk and the inadequacy of his response.  Id.  Instead, the official "actually must have perceived" both.  Parrish, 372 F.3d at 302-03 ("Deliberate indifference is a very high standard," and "a showing of mere negligence will not meet it") (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights."  Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.  As such, the doctrine of respondeat superior does not apply in actions brought under § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  While personal involvement is required, it need not be "hands-on."  Riddick v. Barber, 109 F.4th 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which the actor[ ] know[s] or reasonably should know would cause others to inflict the constitutional injury.'"  Id. at 649-50 (citing Amisi v. Brooks, 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing

liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights)).

Here, the undisputed forecast of evidence demonstrates that Defendant Mitchell had never communicated with the Plaintiff prior to October 4; he did not threaten Plaintiff; he never directed Plaintiff to possess tobacco; he did not know the inmates who assaulted the Plaintiff; and he did not direct any inmates to assault Plaintiff. As there is no forecast of evidence that Defendant Mitchell violated Plaintiff's Eighth Amendment rights, summary judgment will be granted in favor of Defendant Mitchell.

The undisputed forecast of evidence further demonstrates that Defendant Richards went on family leave before the Plaintiff arrived at the Gaston CC in September 2024, and he was not the acting warden when Plaintiff was attacked on October 4, 2024. The forecast of evidence demonstrates that Defendant Richards had no involvement in the incident at issue whatsoever such that there is no basis for a supervisory liability claim. Summary judgment will, therefore, be granted in favor of Defendant Richards.

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531

(4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

As discussed supra, the Plaintiff has not presented a forecast of evidence from which a jury could reasonably conclude that the Defendants violated his constitutional rights. As such, summary judgment for the Defendants would also be proper on the basis of qualified immunity.

## V. CONCLUSION

For the reasons stated herein, the Defendants' Motion for Summary Judgment is granted, and this action is dismissed with prejudice.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 27] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to enter a Clerk's Judgment in favor of the Defendants and to close this case.

Further, the Clerk is instructed to mail the Plaintiff a copy of this Order at his address of record and to him as follows: Christopher Shane Greer, Offender No. 0620836, Scotland Correctional Institution, 22385 McGirts Bridge Road, Laurinburg, NC 28353.

**IT IS SO ORDERED**.

Signed: August 6, 2026

Martin Reidinger
Chief United States District Judge